## HARVEY v. JOHNSON.

1. An assignment of error in a bill of exceptions to the Court of Appeals, that a judgment rendered against the principal and surety on a replevy bond in a proceeding to foreclose a laborer's lien, alleging that the judgment is contrary to law, includes all objections which could be urged to the validity of the judgment; and the judgment of the Court of Appeals affirming such judgment concludes the plaintiff in error from subsequently attacking such judgment upon any grounds which might be alleged to show its invalidity.
2. Even if any of the grounds of attack on the judgment in this case were originally meritorious, the judge did not err in refusing an injunction.

No. 3411. JUNE 6, 1923.

Petition for injunction. Before Judge Munro. Marion superior court. June 3, 1922.

On December 1, 1920, Charlie Johnson made affidavit to foreclose a laborer's lien against Mack Harvey. The clerk of the superior court issued a fi. fa., as provided by statute, returnable to the next ensuing April term of court. The sheriff levied the fi. fa., December 2, 1920, on forty-five bushels of corn. On the day the levy was made the defendant filed with the sheriff a replevy bond upon which A. S. Boyett was surety. The sheriff returned to court the foreclosure affidavit and the replevy bond, and on the basis of such return the clerk made entry of a case between the parties on the trial docket for the aforesaid April term. The defendant did not file with the sheriff, at the time of the levy, a statutory counter-affidavit, but filed one with the clerk when the case was called for trial at the April term. After the counter-affidavit was filed it was stricken on motion of the plaintiff's attorney, and at the same time a demurrer filed by the defendant to the plaintiff's foreclosure affidavit was overruled. Having dismissed the counter-affidavit and overruled the demurrer to the foreclosure affidavit, the judge then proceeded at the same April term, without a jury, to enter up judgment against the defendant and the surety on his bond for the amount set out in the foreclosure affidavit. The defendant filed a bill of exceptions to the Court of Appeals, assigning error on the several rulings above indicated as being contrary to law. The judgment of the trial court was affirmed, and at the next regular term the judgment of the Court of Appeals was duly made the judgment of the trial court. The clerk then issued a fi. fa. on the judgment of the superior court

last mentioned, which was duly levied upon a certain horse and automobile. To this levy the defendant offered his affidavit of illegality, in which it was alleged: (1) that there was no valid judgment, for the reason that the term at which the judgment was rendered was the appearance term, and not the term for trial of the case; (2) that the judgment was invalid for the further reason that it was entered by the court without a verdict of a jury. The sheriff rejected the illegality; whereupon the defendant instituted an equitable suit against the plaintiff in fi. fa. and the sheriff, seeking to enjoin the sale, on the grounds that the judgment first rendered in the superior court against the defendant in the foreclosure proceeding and the surety on his bond was void for the same reasons as were alleged in the affidavit of illegality; and upon the further ground that when the counter-affidavit was dismissed the court was without jurisdiction to proceed further with the trial and enter judgment against defendant. In the answer to the petition the several judgments of the trial court and of the Court of Appeals above mentioned were pleaded as res adjudicata. At an interlocutory hearing the judge, being of opinion that as to the issues involved the defendant had had his day in court and the former judgments were conclusive in this case, refused an injunction. The plaintiff (defendant in fi. fa.) excepted.

*T. B. Rainey,* for plaintiff.

*W. D. Crawford* and *John C. Butt,* for defendant.

ATKINSON, J. This is a case where at the first term of the superior court after commencement of a suit to foreclose a laborer's lien the judge overruled a demurrer to the plaintiff's affidavit to foreclose the lien, and dismissed the defendant's counter affidavit, and thereon entered judgment for the plaintiff without the verdict of a jury. The defendant excepted, assigning error on the several rulings as being contrary to law. The judgment of the trial court was affirmed by the Court of Appeals, and the judgment of the latter court was regularly made the judgment of the trial court at a subsequent term. Another execution was issued on the latter judgment and levied on certain property. After such levy the defendant tendered his affidavit of illegality, alleging that the judgment was invalid because the court did not have jurisdiction to render the judgment at the first term, and that the

judge did not have authority to render the judgment without the verdict of a jury. The sheriff refused to accept the affidavit of illegality, and the same attacks were made on the judgment in a subsequent equitable suit instituted against the plaintiff in fi. fa. and the sheriff to enjoin further proceedings under the fi. fa. In the equitable suit an additional attack was made on the judgment, on the ground that after striking the counter-affidavit to the affidavit to the foreclosure of the lien the judge was without jurisdiction to proceed to render the judgment. It will be perceived that all these grounds of attack relate to matters preceding the judgment complained of; and if any of them were meritorious, they would affect the judgment rendered by the court. The assignment of error in the bill of exceptions to the Court of Appeals on the judgment, alleging that the judgment was contrary to law, was sufficient to include all objections which could be urged to the validity of the judgment; and consequently all the grounds of attack upon the judgment which were made in the equity suit were included in the bill of exceptions to the Court of Appeals assigning error on that judgment. The Court of Appeals had jurisdiction of the case and power to rule on such grounds of attack, and the trial court acted within its power and jurisdiction at a subsequent term to make as its own the judgment of the Court of Appeals. In the circumstances the defendant in fi. fa. can not urge the grounds of attack upon the judgment made in his equitable suit as a basis for enjoining enforcement of the judgment, even if any of such grounds of attack were ever meritorious.

*Judgment affirmed. All the Justices concur.*